IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA DIAZ, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>AIR CHINA LIMITED,<br><br>                    Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Maria Diaz (collectively, "Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of their counsel and upon information and belief, except as to Plaintiff's allegations regarding her own actions which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit regarding Defendant Air China Limited's ("Air China" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2. Given the outbreak of the coronavirus, Defendant Air China has cancelled a vast percentage of their international and United States flights. However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

3. The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier. The obligation of airlines to provide

1

refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[1]  Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[2]

4. On May 12, 2020, the DOT issued a Second Enforcement Notice, which stated the following:

5. The DOT reiterated that "airlines have an obligation to provide a refund to a ticketed passenger when the carrier cancels or significantly changes the passenger's flight, and the passenger chooses not to accept an alternative offered by the carrier."[3]

6. Online travel agencies are required to provide a "prompt refund" when "(i) an airline cancels or significantly changes a flight, (ii) an airline acknowledges that a consumer is entitled to a refund, and (iii) passenger funds are possessed by a ticket agent."[4]

7. "The refund policy in place at the time the passenger purchased the ticket is the policy that is applicable to that ticket."[5]

---

[1] DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Sept. 1, 2020) (hereinafter "DOT NOTICE") (emphasis added).

[2] *See id*.

[3] DEP'T OF TRANSP., FREQUENTLY ASKED QUESTIONS REGARDING AIRLINE TICKET REFUNDS GIVEN THE UNPRECEDENTED IMPACT OF THE COVID-19 PUBLIC HEALTH EMERGENCY ON AIR TRAVEL 1 (May 12, 2020), https://www.transportation.gov/sites/dot.gov/files/2020-05/Refunds-%20Second%20Enforcement%20Notice%20FINAL%20%28May%2012%202020%29.pdf (last accessed Sept. 1, 2020) (hereinafter "DOT SECOND NOTICE").

[4] *Id.* at 2.

[5] *Id*.

8. "Airlines and ticket agents can offer consumers alternatives to a refund, such as credits or vouchers, **so long as the option of a refund is also offered and clearly disclosed** if the passenger is entitled to a refund."[6]

9. "For airlines, 'prompt' is defined as being **within 7 business days** if a passenger paid by credit card, and **within 20 days** if a passenger paid by cash or check."[7]

10. Air China is one of the major airlines of the People's Republic of China and carries over 100 million domestic and international passengers annually. Air China's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.

11. Defendant Air China reduced seats by 76% between January 2020 and February 2020."[8]

12. Plaintiff, like many other travelers, was scheduled to fly with Air China on a departing flight from New York, New York to Beijing, China, and a return flight from Beijing to New York City.

13. Plaintiff's flights were cancelled by Air China due to the coronavirus travel restrictions.

14. Plaintiff have not received a full refund from Air China.

15. Defendant was required by the DOT Enforcement Notice to provide Plaintiff a prompt refund when Air China cancelled her flight.

---

[6] *Id.* at 3 (emphasis added).

[7] *Id.* (emphasis added).

[8] *COVID-19 Recovery: Air China Files May Holiday Sched at 2019 Levels*, CENTER FOR AVIATION, https://centreforaviation.com/analysis/reports/covid-19-recovery-air-china-files-may-holiday-sched-at-2019-levels-520264 (last accessed Sept. 1, 2020).

16.     Air China also represents in its General Conditions of Carriage that "[I]f we cancel a flight . . . we shall offer you the following options . . . we can make a refund in accordance with the provisions of Article 11.2."[9]  Article 11.2.1.2 entitles passengers to a refund "not less than the difference between the fair paid and the fair applicable to the flight segment already used."[10]

17.     Defendant's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."[11]  The DOT Enforcement Notice applies to "U.S. and foreign airlines."[12]

18.     The DOT Enforcement Notice and the regulations underlying it are incorporated into Air China's General Conditions of Carriage.  For instance, the General Conditions of Carriage states "[i]f these Conditions of Carriage are in direct contradiction to our tariff rules or applicable laws, such tariff rules or applicable laws shall prevail."[13]

19.     Air China's consumers have excoriated Air China's refusal or failure to provide its customers with refunds.  For instance, like Plaintiff, customers on the website tripadvisor.com[14] have stated:

---

[9] AIR CHINA GENERAL CONDITIONS OF CARRIAGE § 9.2.2.3, https://www.airchina.us/US/GB/conditions/international/#9 (last accessed Sept. 1, 2020).

[10] AIR CHINA GENERAL CONDITIONS OF CARRIAGE § 11.2.1.2.

[11] DOT NOTICE

[12] *Id*.

[13] AIR CHINA GENERAL CONDITIONS OF CARRIAGE § 2.4.

[14] AIR CHINA REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729000-Reviews-Air-China.html#REVIEWS (last accessed Sept. 1, 2020).

4

August 2020 Review:



June 22, 2020 Review:



April 3, 2020 Review:



March 2020 Review:



March 2020 Review:



March 2020 Review:



20. Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover damages and restitution for: (i) breach of contract and (ii) rescission.

## PARTIES

21. Plaintiff Maria Diaz is a citizen of the State of New York and resides in Bronx, New York. In or about September 2019, Ms. Diaz purchased two tickets for flights with Air China that departed from or arrived in the United States: a departing flight from New York, New York to Beijing, China on April 9, 2020, and a return flight from Beijing to New York City on April 23, 2020. Ms. Diaz booked these flights through Gotogate.com. Ms. Diaz paid a total of $1,288.11 for her tickets, inclusive of fees. On February 16, 2020, Ms. Diaz received an email from Gotogate.com informing her that her flights had been cancelled due to coronavirus travel restrictions. Although Ms. Diaz was told that she would receive a refund, the email noted the time frame was "2-16 weeks." Seven months later, Ms. Diaz has still not received a refund from Air China. In fact, after successfully disputing Air China's charge with her credit card, Air China *again* charged Ms. Diaz's credit card.

22. Defendant Air China Limited is a foreign corporation organized under the laws of China with a principal place of business in Shunyi District, Beijing. Defendant Air China

conducts substantial business throughout the United States, including in the State of South Carolina.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

24. This Court has personal jurisdiction over this action because Defendant has sufficient minimum contacts with this District and has purposefully availed itself of the privilege of doing business in this District such that it could reasonably foresee litigation being brought in this District.

25. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Air China, as a foreign entity, may be sued in any judicial district.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following "Class":

> All persons in the United States who purchased tickets for travel on an Air China flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded.

27. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

28. Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

29. **Numerosity.** The members of the proposed Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class is known by Defendant. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

30. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all members of the Class, paid for Air China flights that were cancelled, and did not receive a refund for the cancelled flights or for any consequential damages and cancelations caused by the original cancelled flight. The representative Plaintiff, like all members of the Class, have been damaged by Defendant's misconduct in the very same way as the members of the Class. Further, the factual bases of Defendant's misconduct are common to all members of the Class and represent a common thread of misconduct resulting in injury to all members of the Class.

31. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any

questions affecting only individual members of the Class. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Defendant failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

(b) Whether Defendant violated its General Conditions of Carriage and the DOT Enforcement Notice, as incorporated in the General Conditions of Carriage;

(c) Whether Plaintiff and the Class are entitled to damages or other relief.

32. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that are antagonistic to those of the Class.

33. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Class is relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Class could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

34. In the alternative, the Class may also be certified because:

   (a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

   (b) the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

   (c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract

35. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

36. Plaintiff brings this claim on behalf of herself and members of the Class.

37. Defendant entered into contracts with Plaintiff and members of the Class to provide services in the form of flights in exchange for a set amount of money.

38. Plaintiff and members of the Class have suffered an injury through the payment of money for tickets while not receiving services in return.

39. Defendant has breached these contracts by retaining Plaintiff and Class members' ticket prices while not providing flight services.

40. Defendant's General conditions of Carriage incorporates the DOT Enforcement Notice and the regulations underlying it.[15] Defendant violated the DOT Enforcement Notice as incorporated into its General Conditions of Carriage by failing to provide refunds to passengers with a "prompt refund" as defined by 14 C.F.R. § 259.5(b)(5). Further, the General Conditions of Carriage require Defendant to issue refunds upon cancellation, which Defendant has failed to do.

## COUNT II
### Rescission

41. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

42. Plaintiff brings this claim on behalf of herself and members of the Class.

43. "Under New York law, rescission of a contract is permitted where a breach is so substantial as to defeat the purpose of an entire transaction." *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, 2011 WL 318100, at *3 (E.D.N.Y. Jan. 25, 2011).

44. Defendant's consideration for the payments of Plaintiff and Class members was the provision of flights to and from the United States.

45. Defendant's consideration failed in a substantial respect because Defendant cancelled or otherwise did not provide the flights that were the consideration for the payments.

46. Plaintiff requests that her Conditions of Carriage (the "contract") with Defendant and the Conditions of Carriage between Defendant and Class members be rescinded, and each party restored to their position prior to entering into the contract.

---

[15] AIR CHINA GENERAL CONDITIONS OF CARRIAGE § 2.4.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Class and appointing Plaintiff and her Counsel to represent the Class;

(b) An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Class for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

(c) An Order of disgorgement of wrongfully obtained profits;

(d) An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(e) Rescission of the General Conditions of Carriage;

(f) Interest on all amounts awarded, as allowed by law; and

(g) Such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: September 15, 2020                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Andrew J. Obergfell*

Andrew J. Obergfell
Max S. Roberts
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone:  (646) 837-7150
Facsimile:   (212) 989-9163

Email: aobergfell@bursor.com
       mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Yeremey Krivoshey (*Pro Hac Vice Forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ykrivoshey@bursor.com

*Attorneys for Plaintiff*